RADER, respondent, *v.* ERVIN et al., appellants.

MORTGAGE—*decree of foreclosure—rights of redemptioners.* A decree, which orders a sale of mortgaged premises to satisfy the aggregate amount of several mortgages on separate parcels of property, made to secure the payment of distinct debts of different sums, due at different times and bearing different rates of interest, and which does not preserve the rights of redemptioners, is void.

MORTGAGE—*assignment—seal.* The assignment of a mortgage is valid without a seal.

CASE AFFIRMED. The case of *Collier* v. *Field, ante,* 612, holding that certain promissory notes bear certain rates of interest, affirmed.

*Appeal from the First District, Jefferson County.*

IN May, 1872, the court, MURPHY, J., overruled the motion of Ervin and Metcalf to set aside the sale of certain property under a decree of court for the foreclosure of certain mortgages, and they appealed. The facts are stated in the opinion.

PAGE & COLEMAN, for appellants.

The decree is void as to appellants, and should be set aside. The action was not brought as a chancery suit. The complaint is not framed as a bill in chancery, and prays legal rather than equitable relief. *Dunphy* v. *Kleinschmidt,* 11 Wall. (U. S.) 610 ; *Orchard* v. *Hughes,* 1 id. 76.

Appellants were not made parties defendant, as no process was prayed against them. 1 Dan. Ch. Pr. 391 ; Story's Eq. Pl., § 44.

Courts cannot take judicial notice of the signatures of persons, not officers thereof. No proof was made to the court of the genuineness of the signatures of what purports to be an acknowledgment of service indorsed on the summons. *Alderson* v. *Bell,* 9 Cal. 315. No order *pro confesso* was made before the decree was entered.

The decree is not warranted by the complaint. The note to Blacker could be sued upon again by the holder.

The notes that respondent paid could not be sued upon again. Respondent's only remedy is for money paid to the use of appellants.

The assignments of the last two mortgages to respondent are not under seal and are invalid. Respondent could not bring a suit on those mortgages. The common-law rules as to such instruments are not changed by our statute. Acts 1865, 479.

The property enumerated in the mortgages is not identical in any two of them. The court erred in making the sum of the alleged debts a lien upon the whole property mortgaged. Property included in first mortgage should be exhausted before recourse is had upon a second, so that the amount of redemption money due upon each may be accurately ascertained. *Roan* v. *Reynolds*, 11 Cal. 14.

The computation of interest, upon which the decree is founded, is erroneous. There was no contract for interest after the maturity of the notes. *Brewster* v. *Wakefield*, 22 How. (U. S.) 118. Respondent could collect legal interest only. Acts 1865, 535 ; *Talcott* v. *Marston*, 3 Minn. 344.

The sale of property under the decree is void. The sheriff is not an officer of the chancery court. The transfer of the judgment from respondent to Collier satisfied the same. Brightly's Fed. Dig., "Release," 15.

W. F. SANDERS, G. G. SYMES and A. G. P. GEORGE, for respondent.

Appellants appeared and made no objection to the entry of the decree in the court below. The decree is in accordance with the rules of practice of the supreme court of the United States in equity and the provisions of the Code. Rule 92, U. S. Sup. Ct. Rules.

Appellants voluntarily appeared, and no process was required. The court heard proof sufficient to enable it to render judgment. The decree also recites that due proof of service of process was heard, which would include proof of the genuineness of signatures of appellants admitting service of process.

The complaint states facts sufficient to constitute a cause of action on each of the notes. The decree is supported by the complaint. The surety in a note may pay the same and sue the maker, and foreclose the mortgage given to secure it the same as the original payee.

The assignment of a debt secured by mortgage is not required to be under seal. The mortgage follows the note as collateral without assignment.

This court has decided in *Davis* v. *Hendrie, ante,* 499, that the interest was properly calculated.

Appellants cannot raise the point that respondent is not the owner of the notes, after judgment. Such an objection can only be raised by demurrer or answer.

Collier purchased the judgment to protect his lien on the same property, which was subject to the lien of respondent. The transfer of the judgment from respondent to Collier did not satisfy the judgment.

The question of setting aside the sale was in the discretion of the court. The decision will not be reversed unless there was an abuse of discretion affecting the substantial rights of the parties.

Most of the objections raised by appellants are mere irregularities which are cured by the judgment. They could only have been taken advantage of during the progress of the proceedings.

There is no order in the transcript overruling the motion to set aside the sale. This objection cannot be noticed. The only question is, will the complaint support the decree? A sale cannot be set aside after the sheriff's report of sale and delivery of the certificate of sale, on motion. A bill in equity must be filed.

WADE, C. J. This is an appeal from an order in the court below, overruling a motion to set aside a sale of real property, made under and by virtue of a proceeding to foreclose certain mortgages, mentioned and described in plaintiff's complaint, and the correctness or incorrectness of the ruling upon this motion can only be determined by a determination of the sufficiency of the complaint.

The complaint substantially avers, that on the 12th day of September, 1870, the defendants, William M. Ervin, W. H. Metcalf, David Blacker and Reuben Rader, executed a promissory note to A. M. Woolfolk, for the sum of $1,300, payable in twelve months after date, with interest at the rate of two per cent per month, from date, until paid; also, that said defendants executed to Clark, Conrad and Curtin, a certain other promissory note, for the sum of $500, payable on or before the 1st day of June, 1871, with interest at the rate of two per cent per month, from date, until paid; that said notes were signed by said Blacker and Rader, as sureties for said Ervin and Metcalf; that to secure said sureties for so signing said notes, in the event that they were compelled to pay the same, said defendants, on the 19th day of September, 1870, executed to said Reuben Rader a mortgage upon certain mining property, situate in Jefferson county, which mortgage was duly acknowledged and recorded; that to secure said Blacker for so signing said notes, said defendants executed to said Blacker a certain other mortgage upon the same and other property, as described in the mortgage to Rader, which mortgage was properly acknowledged and recorded; *that on the 22d day of September, 1871, said notes were duly paid by said Rader, and indorsed on said notes;* that the mortgage to Blacker also provided for the payment of a certain other note, for $1,000, given to said Blacker by said defendants, Ervin and Metcalf, bearing interest at the rate of two per cent per month; that on the 26th day of September, 1871, said mortgage was duly assigned to said Rader.

For a second cause of action, said complaint alleges that on the 15th day of March, 1869, the defendants, Ervin and Metcalf, executed and delivered to T. C. Collier their certain promissory note, for the sum of $800, payable on or before the 1st day of August, 1869, in bankable gold dust, with interest at the rate of four per cent per month; that to secure the payment of said note, said defendants executed and delivered to said Collier a mortgage of that date, which mortgage covers a part of the same property as the mort-

gage to Rader and the mortgage to Blacker, and said mortgage, also, covers other property not included in the Rader and Blacker mortgages, which mortgage was duly acknowledged and recorded; that on the 26th day of September, 1871, said note and mortgage was duly assigned to this plaintiff.

Upon this showing, the plaintiff demands judgment against defendants, Ervin and Metcalf, for the sum of $4,819.10, that being the amount due upon the notes, in the complaint described, with interest at the rate mentioned in the notes, from their respective dates, up to the time of filing the complaint, and for a decree ordering a sale of the mortgaged premises.

The defendants make default, and thereupon a decree is entered in favor of the plaintiff, wherein the sum of $4,819.10 is found due the plaintiff, upon the notes in the complaint described, and it is ordered and adjudged, that all and singular, the mortgaged premises, mentioned and described in the complaint, be sold to satisfy the amount so found due the plaintiff. Afterward, on the 8th day of November, 1871, the plaintiff sold and assigned his interest in this decree to T. C. Collier, and on the 27th day of December, 1871, the mortgaged property, mentioned in the complaint, was sold in one parcel by the sheriff of said county, to T. C. Collier, for the sum of $3,300. Afterward, at the May term, 1872, of the district court for Jefferson county, to wit, on the 16th day of May, 1872, the defendants made their motion to set aside such sale, which motion was overruled, and the defendants appealed to this court.

It will be seen by an examination of the record that Rader, by virtue of his mortgage, had a lien upon certain property belonging to defendants; that Blacker, by virtue of his mortgage, had a lien upon certain other property, and that Collier, by his mortgage, had a lien upon certain other property still. These mortgages were assigned to Rader, and he thereby held separate mortgages on separate parcels of property to secure the payment of separate and distinct debts of different amounts, and due at different

times with different rates of interest. The decree does not ascertain the amount secured by each or either of these mortgages, but does ascertain the aggregate amount secured by all the mortgages taken together, and orders a sale of the mortgaged premises to satisfy such amount. The result of the decree is to order the sale of property to satisfy mortgages that are not and never were liens upon the property ordered sold ; that is to say, the effect of the decree is to give to Rader a lien to secure his debt upon property not included in his mortgage, and to give to Blacker a lien for his debt upon property not included in his mortgage, and to give to Collier a lien upon the property of Rader and Blacker, included in their mortgages but not included in the Collier mortgage ; so that Rader receives the benefit of Blacker's mortgage, and Blacker of Rader's, and Collier of both the others, and both the others of Collier's.

In a word, the decree creates liens for the parties where they have failed to do it themselves ;. and not only this, it injures and destroys the liens made by the parties, and gives to the subsequent mortgagee the same security as that of the prior mortgagee.

Suppose the mortgage to Rader had been ample to secure his indebtedness, while that to Collier had been entirely insufficient to secure the indebtedness to him, yet by the decree Collier is made equal to Rader, and secures a lien upon property to which he was and is a perfect stranger.

There is another peculiarity about this decree. It is a fraud upon the rights of redemptioners under the statute. The statute provides that property of this kind sold, by virtue of the foreclosure of a mortgage, may be redeemed by the judgment debtor or by his successor in interest, or by a creditor having a lien by judgment or mortgage on the property sold, or on some part thereof, subsequent to that on which the property was sold, and the statute further provides that the judgment debtor or redemptioner may redeem by paying the purchaser the amount of his purchase, with twelve per cent thereon in addition. Now suppose that the judgment debtors desired to redeem the property mortgaged to Rader, what amount shall be paid ?

The decree is silent as to the amount due upon this mortgage, and for any thing that appears in the decree there may be nothing due, or the full amount of the decree may have been based upon this mortgage.

Suppose a subsequent mortgagee upon the property mortgaged to Rader desired to redeem the property covered by Rader's mortgage, for the purpose of securing his own debt? He can only redeem by paying $4,819.19, that being the amount found due by the decree, and twelve per cent penalty thereon, while it is a fact that $4,819.10 represents the amount found due not only upon the Rader mortgage, but upon two other mortgages given to other parties, and upon separate and distinct parcels of property.

The decree virtually prohibits redemption, and thereby deprives the parties of rights secured by the statute.

If it is competent in any event to join in one decree several mortgages, given to different parties, upon separate and distinct parcels of property, to secure separate debts of different dates and amounts (which is a very doubtful proposition), the decree must be so drawn as to preserve the rights of redemptioners to each and every parcel of property included in the decree. Mortgages are not made for the sole and exclusive benefit of the mortgagee. The mortgagor has certain rights, and any decree that deprives and robs him of any substantial right given by the statute is void, and the decree in this case is of that character.

The complaint avers that Rader fully paid the notes upon which he was surety, and notwithstanding the averment of payment, the complaint declares that the full amount of the notes still remains due and unpaid. We conceive that the averment should be, not that there is so much due upon the notes, but that Rader having paid the notes, the amount of such payment is due to him as for so much money paid, laid out and expended for defendants. The notes having been fully paid, it cannot be said there is any thing due upon them, but the amount paid is due on account of such payment.

The appellant maintains that the written assignments of

the mortgages, mentioned in the complaint, not being under·
seal, are therefore void. The objection is not well taken.
An assigment under seal is not necessary. The mortgage is
an incident to the debt. The debt is the principal thing, and
the mortgage follows it as a shadow does the substance.
The assignment of the debt carries with it the mortgage,
and the rule is not changed if the assignment is in parol.
An assignment of a mortgage without the assignment of the
debt it was intended to secure is a nullity.

Interest upon the notes mentioned in the complaint should
be computed according to the rule declared in the case of
*Collier* v. *Field,* decided at this term.

The judgment of the court below is reversed and the cause
remanded.

*Judgment reversed.*

